**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER ANIEDOBE, | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. AW-09-2813 |
| HOEGH AUTOLINERS, INC., *et al,* | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

On October 23, 2009, Plaintiff Christopher Aniedobe ("Plaintiff") brought the instant action against Defendants Cartainer Ocean Line, Inc. ("Cartainer") and Hoegh Autoliners, Inc. ("Hoegh Autoliners"). (Doc. No. 1). Pending before the Court are separate Motions for Summary Judgment filed by Cartainer and Hoegh Autoliners. (Doc. Nos. 12, 13). Additionally, in the alternative, Defendant Hoegh Autoliners requests a partial summary judgment capping Plaintiff's recovery. The Court reviewed the record in this case and deems that no hearing is necessary. For the reasons articulated below, the Court **DENIES** the Motion for Summary Judgment by Defendant Hoegh Autoliners, but **GRANTS** its Motion for Partial Summary Judgment. Additionally, the Court **GRANTS** the Motion for Summary Judgment by Defendant Cartainer.

**I. FACTUAL & PROCEDURAL BACKGROUND**

According to the Plaintiff, on or about September 24, 2008, Plaintiff delivered his 2003 Toyota Sequoia to the Defendant Cartainer, a forwarding agent, in order to have it arrange

shipment of the cargo to Lagos, Nigeria. Under this arrangement, Plaintiff granted Cartainer power of attorney to accomplish any lawful actions necessary in order to ship the vehicle overseas. Acting as Plaintiff's agent, Cartainer contracted with Hoegh Autoliners to transport the vehicle to Lagos. Subsequently, the vehicle was delivered, in good condition, to the carrier vessel of Hoegh Autoliners on or about October 25, 2008.

Plaintiff alleges that during the "tackle to tackle" period from the port of Baltimore, Maryland to the port of Lagos, Nigeria, the vehicle was badly damaged while under the control of Hoegh Autoliners. Specifically, the Toyota Sequoia experienced damage in the form of removal of electronic parts such as the radio, computer, and navigation system and body damage. On November 19, 2008, the vehicle was discharged in Lagos but remained under the control of Hoegh Autoliners' agents.

The Plaintiff contends that his clearing agents first gained access to the vehicle and discovered the damage on November 21, 2008. That same day, Plaintiff emailed a Cartainer representative to report the vehicle's damage. In an email response, the representative instructed Plaintiff to obtain a survey inspection of the cargo. On November 24, 2008, Plaintiff emailed the Cartainer representative requesting clarification regarding the survey inspection. In an email response that same day, November 24, the representative suggested Plaintiff contact the Nigerian agent of Hoegh Autoliners, Mr. Jean-Luc Douaire. The Cartainer representative copied Mr. Douaire onto this email informing him of the damage reported by Plaintiff. The record shows that in subsequent months, Plaintiff repeatedly contacted agents from Cartainer, Hoegh Autoliners, as well as their Nigerian affiliates regarding the damage to his cargo.

Defendant Hoegh Autoliners seeks summary judgment based on the claim that Plaintiff provided untimely notice of the damage to his vehicle. Defendant argues that under 46 USCA

§30701 Section 3(6), it is entitled to a statutory presumption that the Toyota Sequoia was delivered in good condition because Plaintiff or Plaintiff's agent failed to give notice of apparent damage at the time of discharge on November 19, 2008 or within the three day grace period thereafter.

Alternatively, should Hoegh Autoliners be held liable, it seeks a partial summary judgment limiting its liability to $500. Hoegh Autoliners argues that under 46 USCA §30701 Section 4(5), it is not liable for more than $500 per package because Plaintiff did not declare a higher value for the Toyota Sequoia on the bill of lading.

Defendant Cartainer's Motion for Summary Judgment rests on its purported role as an "agent" for the "principal" Defendant Hoegh Autoliners. Cartainer argues that under the principles of agency law, an agent acting in good faith on behalf of a disclosed principal cannot be held responsible for its principal's negligence. In this case, as the Complaint states and Cartainer reiterates, Cartainer delivered the vehicle to Hoegh Autoliners in good order and condition. Cartainer contends that any damage to the cargo occurred while in the custody of Hoegh Autoliners and thus, precluding Cartainer from liability.

**II. STANDARD OF REVIEW**

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, a party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *See Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

### III. ANALYSIS

#### A. Defendant Hoegh Autoliners

##### *I. Notice*

Under the US Carriage of Goods by Sea Act ("COGSA"), in order to establish a *prima facie* case, a plaintiff-consignee must show that the goods were damaged while in the defendant-carrier's custody. 46 USCA § 30701; *Leather's Best Int'l, Inc. v. MV "Lloyd Sergipe" et al.*, 1991 AMC 1929, 1936-37 (1991) (citations omitted). The plaintiff can meet this burden by proving: (1) the cargo was delivered to the carrier in a good condition, and (2) it was discharged by the carrier in a damaged condition. *Id*. (internal citations omitted). If such factors are established, the plaintiff is not required to prove that the defendant was at fault or explain how the damage might have occurred. *Id.* (citing *M. Golodetz Export Corp. v. S/S Lake Anja*, 1985 AMC 891 , 899 (1985) (citations omitted).

However, under COSGA and the bill of lading in this case, Plaintiff was required to give timely notice to Defendant-carrier of any loss or damage to the good. Failure to do so within the statutory time limit would result in *prima facie* evidence that the goods were delivered in good condition. Specifically, 46 USCA § 30701 Section 3(6) states:

> "Unless notice of loss or damage and the general nature of such loss or damage be given in writing to the carrier or his agent at the port of discharge *before or at the time of the removal of the goods into the custody of the person entitled to delivery* thereof under the contract of carriage, such removal shall be prima facie evidence of the delivery by the carrier of the goods as described in the bill of lading. If the loss or damage is not apparent, *the notice must be given within three days of the delivery.*" 46 USCA § 30701 Section 3(6) (emphasis added).

According to Plaintiff, the vehicle was discharged on November 19, 2008, but his agents were not granted access to the vehicle until November 21, 2008. On November 24, 2008, Plaintiff provided notice of damage to Hoegh Autoliners' Nigerian agent, Mr. Douaire. This notice came in the form of an email sent by Plaintiff's forwarding agent Cartainer (five days after discharge and two days after Plaintiff gained access to the cargo).

With respect to notice, the question before the Court becomes whether Plaintiff's November 24, 2008, email satisfies the statute's requirements. Though Plaintiff provided notice five days after "discharge" of the cargo, the vehicle remained in the custody of the Defendant Hoegh Autoliners' agents until December 23, 2008. The statute's language states that notice must be given "before or at the time of the removal of the goods into the custody of the person entitled to delivery… [or] [i]f the loss or damage is not apparent, the notice must be given within three days of the delivery." 46 USCA § 30701 Section 3(6).

Because the statute is silent on the definitions of "discharge" and "delivery," the Court looks to the plain meaning of each word for guidance. According to Webster's Dictionary, "discharge" means to relieve of a charge, load, or burden. WEBSTER'S II DICTIONARY 383 (1994); *see also Schramm, Inc. v. Shipco Transport, Inc.*, 364 F.3d 560, 564 (4th Cir. 2004) (defining "discharge" as the removal of the goods at their final port of destination). According to Webster's, "delivery" means the act of transferring to another. WEBSTER'S II DICTIONARY 359 (1994).

Based on the plain meaning definitions, while the vehicle was "discharged" on November 19, 2008, "delivery" was not made until the vehicle ceased to be in the custody of Hoegh Autoliners or its agents. Based on the record before the Court, it appears that the countdown for timely notice did not start until *at least* November 21, 2008, when the Plaintiff's agents first gained access to the vehicle. Moreover, based on the plain meaning definition of "delivery," it's conceivable to the Court that "delivery" to the Plaintiff had not been made until the vehicle was released from Hoegh Autoliners' custody on December 23, 2008. Under either scenario, Plaintiff's November 24, 2008 notice of damage to the Defendant Hoegh Autoliners was thus timely according to the statute's notice requirements.

Since Plaintiff can show that (1) the cargo was delivered to the carrier in a good condition, (2) it was discharged by the carrier in a damaged condition, and (3) he gave timely notice of the cargo's damage, the *prima facie* case is established, and he is not required to prove that the defendant was at fault or explain how the damage might have occurred. *Leather's Best Int'l, Inc.*, 1991 AMC at 1939 (internal citations omitted). Thus, the Court **DENIES** Hoegh Autoliners' Motion for Summary Judgment based on Plaintiff's timely notice and the establishment of the *prima facie* case.

*II. Damages*

COGSA governs "every bill of lading ... which is evidence of a contract for the carriage of goods by sea to or from ports of the United States [and] in foreign trade." 46 USCA §30701. Under COGSA, a default limitation of liability for carriers is established. Specifically, it states:

> "Neither the carrier nor the ship shall in any event be or become liable for
> any loss or damage to or in connection with the transportation of goods in
> an amount exceeding $500 per package lawful money of the United States,
> or in case of goods not shipped in packages, per customary freight unit, or
> the equivalent of that sum in other currency, *unless the nature and value of
> such goods have been declared by the shipper before shipment and*

*inserted in the bill of lading.* This declaration, if embodied in the bill of lading, shall be prima facie evidence, but shall not be conclusive on the carrier." 46 USCA §30701 Section 4(5) (emphasis added).

In this case, Plaintiff, acting through his agent Cartainer, left blank the space in the bill of lading for declaring a higher value on its goods. (Doc. No. 1, Ex. No. 1). By doing so, Plaintiff accepted COGSA's limitation of liability, which was incorporated into the bill of lading. Thus, if Hoegh Autoliners is found liable, Plaintiff's recovery wouldbe limited to $500 under 46 USCA §30701 Section 4(5). *See Schramm, Inc. v. Shipco Transport Inc. et al.*, 364 F.3d 560, 564 (4th Cir. 2004) (upholding the limitation of liability stated in the bill of lading because the plaintiff left blank the space in the bill of lading for declaring a higher value on its goods).

This is true even though it was Plaintiff's forwarding agent, Cartainer, that negotiated the terms of the bill of lauding with Hoegh Autoliners. In *Norfolk Southern Railway Co. v. Kirby*, the Supreme Court held that "[w]hen an intermediary contracts with a carrier to transport goods, the cargo owner's recovery against the carrier is limited by the liability limitation to which the intermediary and carrier agreed." 543 U.S. 14, 33 (2004).

Plaintiff argues that Hoegh Autoliners should not be limited to the $500 liability because of the "nature and extent" of the damages suffered by his cargo were "far removed from maritime activities." (Doc. No. 15). Despite creative attempts to convince the Court otherwise, the Plaintiff offers no case law to support his notion that the "nature and extent" of damages constitutes an unreasonable deviation of the bill of lading which would render inapplicable the limitation of liability provision found in COGSA. Additionally, the Plaintiff erroneously points to the Carmack Amendment in support of his argument that liability should be measured by actual loss of his property rather than the constraints of COGSA. (Doc. No. 15). However, the Carmack Amendment has no bearing on this case. The Carmack Amendment was intended by

Congress to create a national uniform policy regarding the liability of carriers under a bill of lading for goods lost or damaged in interstate shipments, *not* shipment from a domestic port to an international port. 49 U.S.C. Section 14706 *et seq; see Shao v. Ling Cargo (Taiwan) Ltd.*, 986 F.2d 700, 706 (4th Cir. 1993).

The bottom line is that by the statute's express provision as well as Supreme Court precedent, if Hoegh Autoliners is found liable, recovery amount cannot exceed $500.00. 46 USCA §30701 Section 4(5); see *Norfolk Southern Railway Co. v. Kirby*, 543 U.S. 14, 33 (2004). Plaintiff or his agents were surely entitled to opt for more liability coverage in the bill of lading, but chose not to do so. The Court cannot relieve Plaintiff of the consequences of this decision through strained statutory and contractual interpretation. The Court thereby finds, as a matter of law, that if Hoegh Autoliners is held liable for the damaged vehicle, liability is capped at $500 thus **GRANTING** Hoegh Autoliners' Motion for Partial Summary Judgment.

### B. Defendant Cartainer

Defendant Cartainer's Motion for Summary Judgment argues that as the "agent" of Defendant Hoegh Autoliners, it cannot be held responsible for acts of this disclosed "principal." (Doc. No. 13). It is also worth noting that Plaintiff's Complaint identifies the Defendant Cartainer as an agent of Defendant Hoegh, (Doc. No. 1) while in subsequent filings identify Cartainer as his own agent. (Doc. No. 16). The Court deems it appropriate to address these inconsistencies.

While the principles of agency law are appropriate in this instant case, based on the record before the Court, it appears that the Defendant Cartainer served as agent to the Plaintiff and not to the Defendant Hoegh Autoliners. Cartainer was hired by the Plaintiff as an intermediary responsible for securing a carrier for Plaintiff's cargo and thus, served as his agent

with incumbent duties to the Plaintiff alone. Cartainer could not act as an agent for both the Plaintiff and Defendant Hoegh Autoliners in the same transaction because of the potential conflict of interest. *See generally Proctor v. Holden,* 540 A.2d 133, (Md. App. 1988).

The record indicates that Plaintiff hired Cartainer to act as forwarding agent responsible for arranging shipment of his vehicle to the Lagos, Nigeria. (Doc. No. 15). In procuring these services, Plaintiff granted Cartainer powers of attorney to accomplish any lawful actions necessary to shipping of the vehicle overseas. Specifically, the contract stated:

> [Plaintiff authorizes Cartainer] …to act for and on its behalf as a true and lawful agent and attorney of the undersigned in Interest for and in the name, place and stead of the undersigned, from this date, in the United States either in writing, electronically, or by other authorized means, pursuant to section 192 of the US CUSTOMS REGULATIONS, to:
>
> Act as Forwarding Agent for Export Control, Census Reporting and Customs Purposes. Make, endorse or sign any Shipper's Export Declaration or other documents or to perform any act which may be required by law or regulation in connection with the exportation or transportation of any merchandise shipped or consigned by or to the undersigned in Interest and to receive or ship *any* merchandise on behalf of the undersigned. (Doc. No. 15, Ex. 2).

In *Norfolk Southern Railway Co. v. Kirby,* the Supreme Court indicated that intermediaries such as Cartainer are considered agents of the shipper for a single, limited purpose: when contracting with subsequent carriers for limitation on liability. 543 U.S. 14, 34 (2004). As such, intermediaries bind cargo owners to the liability limitations it negotiates with downstream carriers. *Id.* Likewise in this case, for the purpose of the Court's ruling, Defendant Cartainer is considered a limited agent to the Plaintiff-principal, while Defendant Hoegh Autoliners simply is a third-party.

Plaintiff seeks redress against Defendant Cartainer because he believes Cartainer acted negligently by denying him the opportunity to opt for a higher liability on the bill of lauding with

Hoegh Autoliners. However, as Plaintiff's limited agent with powers of attorney, Cartainer had the authority to enter into a contract on behalf of the principal. See *Strawn v. Jones,* 264 Md. 95, 98, 285 A.2d 659, 662 (1972) ("It is well established law that an agent can enter into a contractual relationship with a third party to the extent of the agent's prescribed authority."). In executing the bill of lauding with Hoegh Autoliners, Cartainer did not stray from standard practices when opting for the default limited liability. There is nothing before the Court that indicates Cartainer acted negligently in its contracting with either the Plaintiff or Hoegh Autoliners. As such, the Court holds that Defendant Cartainer's Motion for Summary Judgment should be **GRANTED.**

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS-in-PART and DENIES-in-PART** Defendant Hoegh Autoliners' Motion for Summary Judgment, with the result that Hoegh Autoliner's Motion for Partial Summary Judgment is **GRANTED**. Additionally, the Court **GRANTS** Defendant Cartainer's Motion for Summary Judgment. A separate Order will follow.


Date:  March 7, 2011                                          /s/                        
                                                   Alexander Williams, Jr.
                                                   United States District Judge